TOWN OF NORFOLK, Plaintiff,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and the Massachusetts Water Resources Authority, Defendants.

TOWN OF WALPOLE, Plaintiff,

v.

William REILLY, in his official capacity as Administrator of the United States Environmental Protection Agency, and the Massachusetts Water Resources Authority, Defendants.

UNITED STATES of America, Plaintiff,

v.

METROPOLITAN DISTRICT COMMISSION, et al., Defendants.

CONSERVATION LAW FOUNDATION OF NEW ENGLAND, Plaintiff,

v.

METROPOLITAN DISTRICT COMMISSION, et al., Defendants.

Civ. A. Nos. 90–11086–MA, 85–0489–MA, 83–1614–MA.

United States District Court, D. Massachusetts.

Feb. 26, 1991.

Andrew S. Hogeland, Asst. U.S. Atty., Karen F. Green, Sp. Asst. U.S. Atty., Hale & Dorr, Boston, Mass., Joseph J. Mc-Govern, Environmental Enforcement Section, Land and Natural Resources Div., Washington, D.C., for plaintiffs.

Anne Crocker Phillips, Ropes & Gray, Boston, Mass., for Compliance Monitor.

Catherine L. Farrell, Gen. Counsel, John Stevens, Foley, Hoag & Eliot, Boston, Mass., for defendant MWRA.

Murphy, DeMarco & O'Neil, Boston, Mass., for City of Quincy.

Laura Steinberg, Sullivan & Worcester, Boston, Mass., for Boston Water & Sewer Authority.

Bradford S. Gentry, Samuel Hoar, Jeffrey C. Bates, Goodwin, Proctor & Hoar, Boston, Mass., for Conservation Law Foundation of New England.

E. Michael Sloman, Asst. Atty. Gen., Government Bureau, Boston, Mass., for State defendants.

## MEMORANDUM AND ORDER

MAZZONE, District Judge.

The Towns of Norfolk and Walpole, plaintiffs in consolidated cases Nos. 90–11086–MA and 90–11286–MA, brought under the National Environmental Policy Act of 1969 (NEPA), 42 U.S.C. § 4321 *et seq.*, having previously been denied their motion to intervene in consolidated cases Nos. 85–0489–MA and 83–1614–MA (the "Boston Harbor case"), *see* Memorandum and Order, *United States v. Metropolitan Dist. Comm'n*, 754 F.Supp. 935 (D.Mass.1991), now move pursuant to Fed.R.Civ.P. 42(a) for further consolidation of the NEPA cases with the Boston Harbor case. The United States Environmental Protection Agency ("EPA"), plaintiff in the Boston Harbor case, opposes the Towns' motion, as does the Massachusetts Water Resources Authority ("MWRA"), defendant in the Boston Harbor case. Once again, the Towns' purpose is to oppose the proposed location of a landfill, which is a necessary component of this court's long-term residuals management scheduling order entered in connection with the Boston Harbor case, at a site adjacent to the Massachusetts Correctional Institute at Cedar Junction in Walpole, near the Town of Norfolk (the "Walpole site"). What this boils down to is an attempt to dress the previously denied motion to intervene in the clothing of a motion to consolidate. I hereby deny the motion.

Rule 42(a) permits a court to consolidate "actions involving a common question of law or fact" that are pending before it. "The threshold issue is whether the two proceedings involve a common party and common issues of fact or law. Once this determination is made, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Seguro de Servicio de Salud v. McAuto Sys. Group, Inc.*, 878 F.2d 5, 8 (1st Cir.1989) (citations omitted). *Accord New England Energy, Inc. v. Keystone Shipping Co.*, 855 F.2d 1, 7 (1st Cir.1988), *cert. denied*, 489 U.S. 1077, 109 S.Ct. 1527, 103 L.Ed.2d 832 (1989).

This motion to consolidate fails to cross the threshold. True, the EPA and MWRA are common parties in both proceedings. The Towns err, however, in assuming that the NEPA cases share common issues of law or fact with the Boston Harbor case.

The Towns advance two issues that they believe are common to both proceedings. The first involves an alleged threat to the groundwater supply implicated by locating a landfill at the Walpole site. The NEPA cases do involve the question whether the EPA's consideration of this threat was adequate. Contrary to the Towns' assertions, however, this is not an issue in the Boston Harbor case. As I stated in my memorandum denying the motion to intervene, "the substantive decisions concerning the siting of particular components of the remedial plan are not before this Court and have been left consistently throughout this litigation to the discretion of the MWRA and the appropriate regulatory agencies." Memorandum and Order, *United States v. Metropolitan Dist. Comm'n,* 754 F.Supp. 935, 940 (D.Mass.1991). It is true that a resolution of the NEPA cases in the Towns' favor would affect this court's remedial orders in the Boston Harbor case, but this indirect relationship between the two cases does not alter the fact that they share no common legal or factual issues.

The second shared issue advanced by the Towns is whether "alternatives" to the Walpole site exist. The Towns assert that the EPA's alleged failure to consider alternative sites is a violation of NEPA. They also claim that the same issue is before the court in the Boston Harbor case because, before the court considers the "drastic" step of ordering the legislature to transfer the Walpole site to the MWRA, it must assure itself that "no permissible alternative would have accomplished the required task." *Missouri v. Jenkins,* — U.S. —, 110 S.Ct. 1651, 1662–63, 109 L.Ed.2d 31 (1990). The Towns, however, misconstrue the Court's use of the above-quoted language. In *Jenkins,* the district court had fashioned a remedy to end school segregation in Kansas City. When the state resisted financing the court's remedial orders, the court itself ordered an increase in state property taxes. The Supreme Court held that in enforcing its desegregation order, the district court should have explored less intrusive alternative methods, such as ordering state officials to raise taxes rather than doing so itself. The Court did not require the district court to remodel its desegregation order. Applying the teachings of *Jenkins* to the Boston Harbor case, this court is not obligated to consider alternatives to its long-term residuals management scheduling order before ordering transfer of the Walpole site; rather, I need only consider whether any less intrusive options are available to ensure compliance with the scheduling order. My recent order of a moratorium on new sewer connections was one such option. *See* Memorandum and Order, *United States v. Metropolitan Dist. Comm'n,* 754 F.Supp. 935 (D.Mass.1991).

Even if I were to find that the common-issue threshold had been crossed, I would still find that consolidation is inappropriate because the benefits of consolidation are grossly outweighed by its costs. *Seguro de Servicio,* 878 F.2d at 8. I am hard pressed to name any benefits of consolidation, for, as previously noted, I do not find that any common issues of law or fact exist. The interest of judicial economy would therefore be unaffected by consolidation. On the other hand, the costs of consolidation would be great. The Boston Harbor case is already unwieldy enough, involving far more issues than the one that affects the Towns. To add two more parties and another complex set of issues would simply clutter an ongoing proceeding that already has accumulated a voluminous record over a period of many years. Moreover, the Towns rights and interests are fully protected in the NEPA cases.

For the foregoing reasons, the Towns' motion to consolidate is DENIED.

SO ORDERED.